UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Shirley Vaughn, et al.,                            Case No. 3:13 cv 409

         Plaintiffs

v.                                    MEMORANDUM OPINION

Titan International, Inc. et al.,

         Defendants

       This matter comes before me on Shirley Vaughn's unopposed motion for an entry of final judgment pursuant to Rule 54(b). For the reasons that follow, I find Plaintiff's motion well taken.

       Rule 54(b) of the Federal Rules of Civil Procedure provides that:

> **(b) Judgment on Multiple Claims or Involving Multiple Parties.** When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim-- or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b).

       Rule 54(b) was enacted as "a response to the need created by the liberal joinder provisions of the Federal Rules of Civil Procedure to revise 'what should be treated as a judicial unit for purposes of appellate jurisdiction.'" *Corrosioneering v. Thyssen Environmental Systems, Inc.*, 807 F.2d 1279, 1282 (6th Cir. 1986)(citation omitted). The Rule "'attempts to strike a balance between the undesirability

of piecemeal appeals and the need for making review available at a time that best serves the needs of the parties.'" *Id.* (citations omitted).  The determination of whether to allow for an appeal pursuant to Rule 54(b) is a matter left to the discretion of the district court.  *Id.*

The Rule itself states that the district court must find that there is no just reason for delay of the appeal.  Fed. R. Civ. P. 54(b).  However, the Sixth Circuit has indicated that in order to avoid a finding of abuse of discretion in the certification of an appeal pursuant to Rule 54(b), the "district court should do more than just recite the Rule 54(b) formula of "no just reason for delay."'  *Id.*; *Solomon v. Aetna Life Ins. Co.*, 782 F.2d 58, 61 (6th Cir. 1986). *See also Daleure v. Commonweath of Kentucky,* 269 F.3d 540, 543 (6th Cir. 2001) (a district court certifying a 54(b) order must "clearly explain why it has concluded that immediate review of the challenged ruling is desirable.").  As the Supreme Court explained in *Protective Committee v. Anderson*, 390 U.S. 414 (1968):

> It is essential, however, that a reviewing court have some basis for distinguishing between well-reasoned conclusions arrived at after comprehensive consideration of all relevant factors, and mere boiler-plate approval phrased in appropriate language but unsupported by evaluation of the facts or analysis of the law.

*Id.* at 434.

Certification under Rule 54(b) requires two steps.  "First, the district court must expressly direct the entry of final judgment as to one or more but fewer than all the claims or parties in a case. Second, the district court must expressly determine that there is no just reason to delay appellate review."  *EJS Properties, LLC v. City of Toledo*, 689 F.3d 535, 536 (6th Cir. 2012), *quoting Gen. Acquistion, Inc. v. GenCorp, Inc.*, 23 F.3d 1022, 1026 (6th Cir. 1994).

The Sixth Circuit has enumerated a "nonexhaustive list" of factors to consider in *Corrosioneering, supra*, as follows:

> (1)  the relationship between the adjudicated and the unadjudicated claims; 2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made

2

> final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense and the like.  Depending upon the factors of the particular case, all or some of the above factors may bear upon the propriety of the trial court's discretion in certifying a judgment as final under Rule 54(b).

*Corrosioneering*, 807 F.2d at 1283 (quoting *Allis-Chambers Corp. v. Philadelphia Electric Co.*, 521 F.2d 360 (3d Cir. 1975)).

In this case, I must first determine whether there has been a final judgment as to one or more but fewer than all the claims or parties.  On December 5, 2014, this Court granted Defendant's motion for summary judgment on all the claims asserted by Shirley Vaughn against the Defendants.  As all of the rights and liabilities against one party have been adjudicated and all claims of Shirley Vaughn are concluded, I find the first requirement under Rule 54(b) is satisfied.

Under the second step, I consider whether there exists a just reason to delay appellate review.  Here, the Defendant moved for summary judgment against each of the two Plaintiffs.  Shirley Vaughn's claims were dismissed and Plaintiff Kyle Metz's were found to have survived dispositive motion practice and are currently set for trial on May 4, 2015.  Although both Plaintiffs asserted claims under the Uniformed Services Employment and Reemployment Rights Act, the determination of Vaughn's claims were not dependent upon those asserted by Metz.  I further find there is no possibility the appellate court's review will be impacted by future developments in Metz's claims before this Court.  Nor do I find there is a possibility the appellate court will be required to consider the same issue twice. In sum, I cannot find a factor which supports a just reason for delay in this case.

## Conclusion

For the reasons stated above,  Plaintiff Shirley Vaughn's motion for an entry of final judgment under Rule 54(b), (Doc. No. 74), is granted.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge
