UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


Shirley Vaughn, et al.,                                            Case No. 3: 13 cv 409

             Plaintiffs

      v.                                                       MEMORANDUM OPINION
                                                           AND ORDER

Titan International Inc., et al.,

             Defendants


       This matter is before me on multiple motions in limine filed by the remaining Plaintiff, Kyle Metz. The Defendants have filed separate responses to each of the liminal motions. This Court has jurisdiction pursuant to 28 U.S.C. § 1332.

### LIMINAL MOTION STANDARD

       While not explicitly addressed in the Federal Rules of Evidence or Civil Procedure, motions in limine "may be directed toward barring specified evidence or argument and may be based on any of the grounds available under the Federal Rules of Evidence." 3 JAMES WM. MOORE, MOORE'S FEDERAL PRACTICE § 16.77[4][d][ii] (3d ed. 2013). The practice of liminal rulings "has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984).

       Motions in limine are generally used to ensure evenhanded and expeditious management of trials as the "prudent use of the *in limine* motion sharpens the focus of later trial proceedings and permits the parties to focus their preparation on those matters that will be considered by the jury." *Jonasson v. Lutheran Child and Family Services*, 115 F.3d 436, 440 (7th Cir. 1997). The court has the

power to exclude evidence in limine only when evidence is clearly inadmissible on all potential grounds.  *Luce, supra.*

The party moving to exclude evidence has the burden of establishing the inadmissibility of the evidence for any purpose.  *Mason v. City of Chicago*, 631 F.Supp.2d 1052, 1056 (N.D. Ill. 2009)(citation omitted).   The trial court is afforded broad discretion in such a ruling, *Branham v. Thomas Cooley Law Sch.*, 689 F.3d 558, 560 (6th Cir. 2012), or its decision to defer ruling until the evidence unfolds at trial.  *Graves v. District of Columbia*, 850 F.Supp.2d 6, 11 (D.D.C. 2011) (citations omitted).

Denial of a motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted at trial.  Denial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded.  The court will entertain objections on individual proffers as they arise at trial, even though the proffer falls within the scope of a denied motion in limine.  *See United States v. Connelly*, 874 F.2d 412, 416 (7th Cir. 1989) (citation omitted).

The Supreme Court has noted the provisional nature of liminal rulings as "the judge may always change his mind during the course of trial."  *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000) (citation omitted).   Where the evidence unfolds different from the proffer, sufficient to cause the issue to be revisited, the court is "free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling."  *Luce*, 460 U.S. at 41-42.

With this background in mind, I now turn to the individual motions in limine.

## DISCUSSION

**Testimony  of Scott Richardson, Daren Smith, John Martinez, Scott Swan and Carrie Carr.**

Plaintiff seeks to exclude the testimony of the afore-mentioned individuals because they were not listed in the Defendants' initial disclosures nor did the Defendants supplement their

2

disclosure of witnesses. One month before the trial date of February 23, 2015, Defendants listed these five individuals as witnesses.

The Defendants' response indicates that all of these individuals were named during the course of discovery as persons involved or having potential knowledge related to the allegations in this litigation.

In this case, the trial date was vacated and is now set for May 4, 2015. Any potential harm was eliminated when the trial date was vacated on February 20, 2015. (Doc. No. 75). Moreover, as I noted during our recent telephonic status call, the extension of the trial date allows time for some additional, limited discovery, as necessary. Accordingly, Plaintiff's motion in limine regarding witnesses Richardson, Smith, Martinez, Swan, and Carr (Doc. No. 62) is denied.

**Testimony Regarding Subsequent Layoffs**

In the second motion in limine, Plaintiff requests the exclusion of statements, testimony, references, exhibits, or other evidence related to the Defendants' position that Kyle Metz would have been part of a subsequent layoff under Fed. R. Evid. 401-403, 602; 701 and Fed. R. Civ. P. 26(a) and (e) and 37(c). The Plaintiff states that there is no information or evidence on the record which would have put him on notice of this defense. Moreover, it is undisputed the Defendants did not have a protocol, such as seniority, upon which they based a layoff for salaried employees.

The Defendants dispute that they failed to make a proper disclosure under Rule 26(a) as that is not required under the rule but note that they asserted such a defense in their Amended Answer. (Doc. No. 9 at ¶ 21). They also argue that evidence of the company's declining financial position is relevant as are subsequent layoffs relevant on the issue of whether Metz was terminated as part of a larger layoff.

While I agree that the company's financial picture and its layoffs are relevant to its defense that Metz's termination was part of a reduction-in-force, testimony or the suggestion that Metz would have been chosen for the next round of layoffs is speculative given the lack of a specific protocol on how salaried individuals were chosen to be laid off. The witnesses can certainly testify to the events relative to the December 2012 lay off but may not opine on what their position may have been with respect to Mr. Metz and future lay offs.

Accordingly, Plaintiff's motion on this issue (Doc. No. 63) is denied in part and granted in part.

**Testimony Regarding Commitment to or Treatment of U.S. Veterans**

In his third motion in limine, the Plaintiff seeks to preclude testimony by Defendants' witnesses as "to the company's commitment to veterans of the United States military," per the Defendants' witness disclosure. Plaintiff contends this testimony is not relevant to the determination of whether his selection for a lay off or termination was influenced by his reservist duties. Plaintiff equates the "company's commitment to veterans" as tantamount to character evidence whose probative value is outweighed by the risk of unfair prejudice.

In response, the Defendants state that the lawsuit is brought against three related companies, one of which employs a fair number of veterans and reservists. The fact that Defendants employ veterans and reservists and that some of the individual actors in this case may occupy that status is relevant to the claims at issue. The Defendants then state "[w]hatever else Plaintiff reads into the preliminary witness disclosure statement simply does not exist." (Doc. No. 68 at p. 2).

While I agree that facts supporting the Defendants' employment of reservists is a matter which can be presented to the jury, presentation of such evidence will not be allowed to become the

character evidence alluded to by Plaintiffs. At this juncture, I will deny the motion (Doc. No. 64) without prejudice.

**Testimony Regarding an Alleged Intimate/Personal Relationship Between Plaintiff Kyle Metz and Shirley Vaughn**

Plaintiff also requests exclusion of testimony by HR employee Carrie Carr, whose witness disclosure summary states she will testify to the "alleged intimate/personal relationship between Kyle Metz and Shirley Vaughn as well as the nature and scope of training Vaughn gave Metz upon his promotion to Supervisor." (Doc. No. 62-1, p. 4). The Plaintiff states that any testimony from Carr on Vaughn and Metz's relationship would be hearsay.

In response, Defendants contend that while Vaughn is no longer a party to this litigation, she is named as a witness and her credibility, including her bias, will be at issue if she testifies at trial. Additionally, Carr's testimony will be offered only if Vaughn testifies and both these individuals will be subject to cross-examination.

As this issue is somewhat premature, I will deny this motion (Doc. No. 65), without prejudice.

**Testimony Related to Shirley Vaughn's Termination and Lawsuit**

In his final motion in limine, Plaintiff seeks to exclude evidence related to Shirley Vaughn's termination and lawsuit as inadmissible under Fed. R. Evid. 402 and 403. It is Plaintiff's contention that testimony on these issues will create a mini-trial and will cause confusion outweighing any probative value.

Not surprisingly, Defendants argue the facts surrounding Vaughn's termination are not relevant but the fact that Vaughn was terminated is probative of her credibility and bias. Vaughn

5

and Metz filed their claims in one lawsuit and given the status of Vaughn's case now pending in the Sixth Circuit, the jury can consider these facts in assessing her credibility and bias.

Assuming Vaughn testifies, I agree that assessing her credibility is for the trier of fact. The jury is entitled to know Vaughn was employed by the Defendants, was terminated, and that her case is on appeal, but nothing more. The details behind Vaughn's case are not relevant to Metz's trial and a limiting instruction will guide the jury on that issue. Therefore, at this juncture, I will deny Plaintiff's motion (Doc. No. 66).

## CONCLUSION

Accordingly, Plaintiff's motions in limine are adjudicated as follows:

- Motion to exclude witness testimony of Richardson, Smith, Martinez, Swan, and Carr (Doc. No. 62) is denied;

- Motion to exclude subsequent layoff evidence (Doc. No. 63) is granted in part and denied in part;

- Motion to exclude evidence of commitment to veterans (Doc. No. 64) is denied without prejudice as premature;

- Motion to exclude testimony of intimate/personal relationship (Doc. No. 65) is denied without prejudice; and

- Motion to exclude evidence of Vaughn's termination and lawsuit (Doc. No. 66) is denied.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge
